**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERGENCY PHYSICIANS OF ST. CLARE'S, LLC, *et al.*, | Civil Action No.: 19-12112 |
| Plaintiffs, | **OPINION** |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, *et al.*, | |
| Defendants. | |

**Cecchi, District Judge.**

### I.     <u>INTRODUCTION</u>

Before the Court is defendants Horizon Healthcare Services, Inc.'s and Horizon NJ's (together, "Defendants") motion to dismiss the complaint (the "Motion").[1] ECF No. 10. Plaintiffs Emergency Physicians of St. Clare's, LLC ("St. Clare's") and Emergency Associates of St. Mary's LLC ("St. Mary's", together with St. Clare's, "Plaintiffs") opposed the Motion (ECF No. 13) and Defendants filed a brief in reply (ECF No. 19). The Court has considered the submissions in support of and in opposition to the Motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Motion (ECF No. 10) is **GRANTED**.

### II.     <u>BACKGROUND</u>

Plaintiffs initially filed their complaint (the "Complaint") on March 18, 2019 in the Superior Court of New Jersey for Morris County. ECF No. 1-1. Defendants filed a notice of

---

[1] In their Notice of Removal, Defendants noted that the case caption improperly named the defendants in this suit and clarified the proper entities involved. ECF No. 1 at 2.

removal on May 3, 2019, asserting that removal was proper as "the Complaint on its face pleads federal claims" under the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1 at 5.  Plaintiffs are providers of emergency medical services at St. Clare's Hospital and St. Mary's Hospital. ECF No. 1-1 at 3.  Plaintiffs both provide "emergency medical services to members of the public who had obtained insurance through the Defendants or who's insurance was processed by the Defendants." Id.  St. Clare's was at one point an in-network provider for Defendants but is now not in-network, while St. Mary's has never been an in-network provider for Defendants. Id. at 4.  Defendants "offer health insurance to consumer and commercial/business oriented health benefits insurance plans and services to the public," and "processed claims from medical providers such as the Plaintiffs." Id. at 2.

At its core, this case concerns Defendants' underpayment for emergency medical services performed by Plaintiffs. Id. at 7.  Plaintiffs allege that under New Jersey law "for each patient to be identified in this litigation, Defendants were obligated to pay" the full amount of Plaintiffs' billed usual, customary, and reasonable fees. Id. at 4.  St. Clare's alleges that Defendants underpaid for emergency medical services provided from March 1, 2017 through July 30, 2018 by $938,144 and underpaid for emergency medical services provided from July 1, 2018 through the date of filing by $1,285,047. Id. at 8.  St. Mary's alleges that Defendants underpaid for emergency medical services provided by $967,291. Id. at 9.  Plaintiffs allege that Defendants' underpayment for emergency medical services violates state and federal law, asserting the followings claims:

- Breach of Contract (as to St. Clare's only)
- Unjust Enrichment
- Tortious Interference
- Negligence
- Violation of the New Jersey Consumer Fraud Act
- Violation of the New Jersey HINT Act and New Jersey Health Claims Authorization, Processing and Payment Act
- Violation of ERISA

2

- Negligent or Intentional Misrepresentation
- Breach of New Jersey Out-Of-Network Consumer Protection, Transparency, Cost Containment Accountability Act
- Violation of N.J.S.A. 11:22-1 *et seq*.
- Fraud

Id. at 13–35.  Plaintiffs assert these claims on behalf of the patients they provided with emergency medical services under assignment agreements allegedly reached with each patient. Id. at 4.  For privacy purposes no patients are identified in the Complaint, and instead the Complaint has three exhibits appended to it which list "all pertinent information including the policy numbers, plan information[,] and other relevant information . . . necessary for the Defendants to properly process the claims for services rendered." Id. at 22.

Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 10-1 at 1.  Defendants argue that the Complaint fails under general pleading standards as it is a spreadsheet pleading that "parrots certain legal principles and statutory language; makes generic allegations of wrongdoing by [Defendants]; asks the Court to presume that that wrongdoing touched every one of the thousands of claims at issue and that each claim was wrongfully denied or underpaid; and demands economic relief to the tune of more than $3 million." Id. at 2. Defendants also contend that "most of the Complaint is preempted by federal law" and that "separate and apart from the Complaint's general deficiency under federal pleading standards and its preemption by federal law, every count of the Complaint is individually defective on a legal and/or factual basis." Id.

### III.   LEGAL STANDARD

#### A.  Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "A pleading that offers labels and conclusions will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).  Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis:  "First, the factual and legal elements of a claim should be separated . . . .  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citations and quotation marks omitted).

### IV.   DISCUSSION

As this case was removed to Federal Court on the basis of federal question jurisdiction over Plaintiffs' ERISA claims under 28 U.S.C. § 1331 (ECF No. 1 at 5), the Court will begin by addressing Defendants' arguments for dismissing the ERISA claims.  Defendants proffer two main

bases for dismissing these claims.  First, Defendants argue that Plaintiffs lack standing to assert ERISA claims because "ERISA confers no direct rights upon medical providers" and "limits the parties who can bring suit for benefits to plan 'participants' and 'beneficiaries.'" ECF No. 10-1 at 30.  While admitting that ERISA does allow a provider to sue after obtaining a valid assignment from her patient (id. (*citing N. Jersey Brain & Spine Ctr. v. Aetna*, 801 F.3d 369 (3d Cir. 2015))), Defendants contend that the Complaint here fails to adequately allege the existence of valid assignments as "Plaintiffs do not attach any assignments of benefits from any patients as exhibits to the Complaint; do not indicate whether the assignment forms they used were the same for all patients; do not quote from any assignments; and otherwise provide no details as to the terms, limitations, or specifics of the alleged assignments." Id. at 31.  Second, Defendants argue that even if Plaintiffs had standing, the Complaint fails to state an ERISA claim because it does not tie the allegation that Defendants failed to pay the full amount of Plaintiffs' billed emergency services to a specific plan term. Id. at 32.  Defendants point to numerous other decisions from this district where similar claims were dismissed at the pleading stage for these very deficiencies. Id. at 32–33.

Plaintiffs respond that the Complaint plainly alleges that they "have been assigned certain rights, including the right to bill the Defendants for services rendered by the Plaintiffs . . . [have] submitted said bills . . . [and] are entitled to payment as an assignee." ECF No. 32 at 23.  Plaintiffs maintain that these allegations alone "adequately set[] forth [the] assignment including the right to sue." Id.  Plaintiffs further argue that Defendants have admitted that New Jersey law provides for automatic assignment of benefits for inadvertent or emergency services and Defendants therefore "cannot argue that there is no valid assignment in this matter." Id. With respect to Defendants' second argument, Plaintiffs contend that they do not need to identify a specific ERISA plan term

that Defendants have violated, as the Affordable Care Act ("ACA") mandates that a plan or insurer must pay for emergency services the greatest of: (a) the amount negotiated with in-network providers for the emergency service; (b) the amount for the emergency service calculated using the same method the plan generally uses to determine payments for out-of-network services, or (c) the amount that would be paid under Medicare. Id. at 24 (citing 29 CFR 2590.715-2719A(b)(3)).

The Court finds that, as currently pled, the Complaint fails to state an ERISA claim as Plaintiffs have not adequately alleged the existence of valid assignments from their patients and have not adequately alleged how Defendants' payments violate specific terms of their patients' ERISA plans. The caselaw cited by Defendants is legally and factually on point with this case, and the Court will not depart from the numerous well-reasoned decisions issued within this District without good cause.

In *Cape Regional Medical Center*, for instance, the plaintiff medical provider sought $357,416.47 in underpaid benefits for its patients who were beneficiaries of the defendants' ERISA benefits plans. *Cape Reg'l Med. Ctr. v. Cigna Health & Life Ins. Co.*, No. 17-5284, 2018 WL 2980386, at *1 (D.N.J. June 14, 2018). Judge Joseph Rodriguez dismissed the ERISA claim in that case for failing "to satisfy fundamental pleading requirements" because the complaint "d[id] not identify facts such as the dates upon which services were rendered for each patient, the nature of the services provided to each patient, the amounts charged to each patient, the terms of the assignments of benefits, the specific plans or policies that are controlling, or the provisions of plans that [d]efendant allegedly violated." Id. at *2. The court further found that "[p]laintiff's failure to identify the specific plans or policies that are controlling is also problematic in that Defendant cannot determine whether its relevant policies contained anti-assignment clauses." Id. at *3.

6

Similarly, in *East Coast Aesthetic Surgery, P.C.*, the plaintiff medical provider – as an assignee – sought reimbursement of underpaid benefits for emergency medical services provided to its patients who had ERISA-governed insurance plans. *E. Coast Aesthetic Surgery, P.C. v. UnitedHealthcare*, No. 17-13595, 2018 WL 3201798, at *1 (D.N.J. June 29, 2018).  Judge William Martini held that the ERISA plans at issue in that case had enforceable anti-assignment clauses, meaning that "[p]laintiff lack[ed] standing to bring a civil action to recover benefits due" under the ERISA plans. Id. at *3 (citations and quotation marks omitted).

Finally, in *Atlantic Plastic and Hand Surgery, PA*, Chief Judge Freda Wolfson found that the medical provider plaintiff lacked standing to pursuing an ERISA claim as an assignee based on insufficient factual allegations of the assignment in the complaint and further found that the individual patient plaintiff failed to adequately state an ERISA claim because "the Complaint fails to identify any specific provision in the Plan from which the Court can infer that Plaintiffs were entitled to compensation at the 'usual and customary rate' for out-of-network medical services." *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018).

These same issues are present in the Complaint here.  The Complaint does not provide adequate allegations of the assignments between Plaintiffs and their patients and does not identify specific terms of the plans that were violated by Defendants.  Accordingly, the Complaint fails to properly state an ERISA claim.  As the ERISA claim is the sole basis for the Court's jurisdiction over this matter, the Court will not reach Plaintiffs' additional state law claims in this Opinion and declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). *See Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (stating that the district court acted within its

discretion by declining to exercise supplemental jurisdiction over state law claims where it had dismissed the federal claims over which it had original jurisdiction).

At this juncture, the Court notes that Plaintiffs' opposition includes two small but significant points that bear mentioning. First, Plaintiffs state that it is their position "that Federal and State law require that Emergency Services be covered by the insurance policies in question [and] removal was not appropriate as legally there can be no issue to as coverage or benefits." ECF No. 32 at 22. Relatedly, in a footnote Plaintiffs add that the Complaint "pleads ERISA in the alternative to the extent that the Court disagrees with Plaintiffs' position that the ACA requires coverage and benefits for Emergency Service as a matter of law." Id. n.10. Second, while Plaintiffs contend the Complaint should not be dismissed, they alternatively request that "[if] the Court, however, finds that what was originally a state court pleading is insufficient under the Federal Rule, leave to amend should be granted." Id. at 36. For the reasons stated above, the Court finds that the Complaint fails to plausibly allege an ERISA claim and will grant Plaintiffs leave to amend. After filing an amended complaint, Plaintiffs may also move to remand this case to state court to the extent they are not actually pleading ERISA claims and have no other federal claims here.[2]

---

[2] While Plaintiffs' brief in opposition largely argues that the ACA is governing federal law here, Defendants point out that the Complaint does not contain any reference to the ACA or related statutes. See ECF No. 19 at 10 ("As a threshold matter, the Complaint does not plead a purported cause of action under the ACA, or even mention the ACA. And yet the Opposition stakes virtually the entire lawsuit on that statute."). Allegations raised for the first time in a responsive brief are generally not considered to amend the operative pleading. See Warfield v. SEPTA, 460 F. App'x 127, 132 (3d Cir. 2012) ("A plaintiff may not amend a complaint by raising arguments for the first time in a brief in opposition.").

## V.     <u>**CONCLUSION**</u>

For the reasons stated above, Defendants' Motion (ECF No. 10) is **GRANTED**.  An

Appropriate Order accompanies this Opinion.

**DATE**:  April 30, 2020

Claire C. Cecchi, U.S.D.J.